UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| KRISTEN USKERT, | ) | |
|---|---|---|
| Individually and on Behalf of All Others | ) | |
| Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:09-CV-30-TLS |
| | ) | |
| DAVID A. FOELBER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Joint Motion To Strike Class Allegations and Dismiss Case, With Prejudice [DE 33], filed by the parties on February 15, 2010.

The Plaintiff, Kristen Uskert, filed her Complaint [DE 1] on February 13, 2009, on behalf of herself and all others similarly situated, alleging violation of the Fair Debt Collection Practices Act. The Plaintiff filed her Motion to Certify Class [DE 11] on March 10, 2009, which Motion remained pending as of the date of the parties' Joint Motion. The Plaintiff reached an individual settlement with the Defendant after it was determined, using the formula of 1% of the Defendant's net worth divided by the number of potential class members, that there would not be a dividend for each class member and the case is not suitable to be maintained as a class action. On December 8, 2009, Plaintiff Uskert, for herself, filed a Notice of Settlement [DE 32] advising the Court that the parties had reached a settlement. The Joint Motion seeks to dismiss Plaintiff Uskert's claims with prejudice, and to dismiss the claims of the putative class without prejudice. The parties further request that they not be required to furnish notice of the proposed settlement to members of the putative class. The Joint Motion [DE 33] is accompanied by a Memorandum in Support [DE 34] and two Affidavits from counsel [DE 35 and DE 36].

Rule 23(e), which applies to settlement and dismissal of class action claims provides that the "claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). Under this subsection, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id.* The parties submit that notice to the putative class members should not be required because they will not be prejudice by the dismissal or by not receiving notice of the dismissal. The Court agrees, and find that notice is not required for two reasons.

First, according to the plain language of Rule 23(e), its protections only apply to classes that have already been certified.[1] Second, even if the Court has discretion to direct notice to putative class members, it would not do so under the circumstances of this case. The parties, in the Affidavit of Ryan A. Bratcher [DE 35] and the Affidavit of Robert E. Stochel [DE 36], testify to the following: That no consideration has been given or received by any party for striking the class allegations; that neither party nor counsel for each party has been contacted by potential

---

[1] The parties, in making their arguments, followed the holding in *Culver v. City of Milwaukee*, 277 F. 3d 908, 913–14 (7th Cir. 2002), that the notice requirement of Rule 23(e) was not limited to a certified class. However, *Culver* was decided using language from a previous version of Rule 23(e), which referred only to "the class," as opposed to a "certified class." The Advisory Notes for the 2003 amendments indicate that a change to that subdivision

> resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23, Advisory Committee Notes, 2003 Amendments.

members of the uncertified class; that counsel does not know the addresses of any member of the putative class (other than the Plaintiff's); that this matter has not been the subject of news publicity, nor have the parties contacted any sources of public and published information to disseminate any information regarding this case; and, this case does not involve potential class members who would normally have any occasion or means to know one another or to communicate with one another.

Under these circumstances, there is limited risk of the statute of limitations of class members' claims expiring without their realizing it. The time for filing an action was tolled when the Plaintiff filed her lawsuit. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 234, 352–54 (1983). Based on the testimony provided by Affidavit, it is unlikely that any putative class members know about this suit. Accordingly, they are unlikely to be relying upon this suit to protect their own interests, including those related to the statute of limitations. Because the Joint Motion asks the Court to strike the class action allegation and dismiss the class claims without prejudice, any class members would still be entitled to bring an action against the Defendant. Therefore, no prejudice will result by foregoing notice to the yet uncertified class.

The Court, being duly advised, GRANTS the Joint Motion [DE 33]. The Court ORDERS that Plaintiff's claims against the Defendant are hereby DISMISSED WITH PREJUDICE. The Court further ORDERS that the claims of the unnamed class members and uncertified class asserted in the Complaint in this cause shall be and are DISMISSED WITHOUT PREJUDICE. No notice to unnamed class member shall be required. No claims or parties remain pending.

SO ORDERED on February 26, 2010.

                                        s/ Theresa L. Springmann  
                                        THERESA L. SPRINGMANN  
                                        UNITED STATES DISTRICT COURT